PROGRESSIVE INSURANCE COMPANY, Respondent,

v.

Humberto RIVERO, a/k/a Humberto Marrero Rivero, et al., Defendants,

Carol Backe, et al., Appellants.

No. C1–92–689.

Supreme Court of Minnesota.

Dec. 17, 1993.

Rehearing Denied Jan. 13, 1994.

---

Clarance E. Hagglund, Britton D. Weimer, James R. Harries, Minneapolis, for appellants.

Kay N. Hunt, Steven L. Theesfeld, Minneapolis, for respondent.

PAGE, Justice.

We granted review to consider the narrow question of whether petitioner Progressive Insurance Company is entitled to indemnification for the costs, fees and expenses it incurred in successfully maintaining this declaratory judgment action. The trial court granted indemnification and was reversed by the court of appeals. We reverse the court of appeals and reinstate the trial court award of these expenses.

Humberto Rivero and his wife Eulalia, as a passenger, were involved in an automobile accident on February 10, 1986. Approximately 1½ hours later on that same date, Rivero visited the Woodland Insurance Agency to obtain insurance coverage for the automobile involved in that accident. He informed Carol Backe, an agent employed by Woodland, that an automobile accident had occurred earlier that day but that he was alone in the vehicle and that no injuries had been sustained. Backe agreed to submit his insurance application and, even though she had knowledge of the accident, she stated in the application that Rivero had no prior automobile accidents. Both Rivero and Backe signed the application, certifying that the information therein was correct. Backe then entered the effective date of the policy as "12:01 a.m. for February 10, 1986."

Progressive first learned of the accident in January 1987 when Eulalia Rivero's attorney submitted a claim on her behalf for her alleged injuries. Progressive provided Humberto Rivero a defense in the ensuing personal injury action, pursuant to a reservation of rights. Progressive then commenced this declaratory judgment action, citing its contract with Woodland and an indemnification agreement whereby Woodland agreed to indemnify Progressive for any loss due to the failure of Woodland or its agents to process an application for insurance properly.

The trial court found that the terms of the Woodland/Progressive contract required the former to indemnify Progressive for any loss due to the failure of Woodland or its agents to process an application for insurance properly and that, but for Woodland's misrepresentations in Rivero's application, Progressive would not have accepted it. Then finding that Woodland's negligence and misrepresentation in connection with the application was a breach of the parties' contract, the trial court concluded that Progressive was entitled to indemnity, awarding Progressive as damages its expenses incurred in the declaratory judgment action and in defense of Rivero in the liability action.

On appeal, the court acknowledged that but for Woodland's and its agent's negligent acts and misrepresentations, no policy would have been issued to Rivero. The implication is that the declaratory judgment action was necessitated by Woodland's acts and Progressive's desire for a declaration of its obligation, if any, to defend and indemnify Rivero. The court of appeals nevertheless relied on *Garrick v. Northland Insurance Co.*, 469 N.W.2d 709 (Minn.1991) to conclude that there was no basis for awarding the attorney fees incurred in the declaratory judgment action. The appellate court misapprehends the *Garrick* analysis as it applies to this action.

In *Garrick*, we held that the plaintiffs-insureds were not entitled to recover attorney fees incurred in seeking a declaratory judgment to establish coverage pursuant to

Minn.Stat. § 555.08 (1990). We acknowledged the general principle that attorney fees are not recoverable unless authorized by contract or statute and declined to extend the award beyond those instances where fees are incurred as a "direct loss incident to the breach of a contractual duty to defend." *Id.* at 714; *see also Morrison v. Swenson,* 274 Minn. 127, 137–38, 142 N.W.2d 640, 647 (1966). The procedural setting here is quite distinguishable from that addressed in *Garrick.*

Here, Progressive sought the attorney fees resulting from Woodland's and its agent's breach of contract as well as those occasioned by this declaratory judgment action to define Progressive's rights and obligations. *See Hill v. Okay Constr. Co., Inc.,* 312 Minn. 324, 346, 347, 252 N.W.2d 107, 121 (1977). The fact that the proceeding was commenced as a declaratory judgment action is of no consequence to Progressive's entitlement to fees and does not implicate the *Garrick* analysis.

That portion of the decision of the court of appeals reversing Progressive's award of the costs, fees and expenses incurred in maintaining this action is reversed and the judgment entered in the trial court is reinstated.

The conditional petition for further review filed by Carol Backe and Woodland Insurance Agency is denied.

Reversed and judgment reinstated.